IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STUART I. TEICHER, | 06-CV-1821-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| REGENCE LIFE AND HEALTH INSURANCE COMPANY and THE SUSSMAN SHANK LLP LONG TERM DISABILITY PLAN, | |
| Defendants. | |

MEGAN E. GLOR
MICHAEL A. LOPEZ
Megan E. Glor, Attorneys at Law, PC
621 S.W. Morrison St., Suite 900
Portland, OR 97205
(503) 223-7400

RICHARD A. KASSON
4905 S.W. Griffith Dr., Suite 105
Beaverton, OR 97005
(503) 670-0440

   Attorneys for Plaintiff

1 - OPINION AND ORDER

**ERIC A. LINDENAUER**
**JOY ELLIS**
Garvey Schubert Barer
121 S.W. Morrison St., Eleventh Floor
Portland, OR 97204-3141
(503) 228-3939

       Attorneys for Defendants

**Brown, Judge.**

This matter comes before the Court on Plaintiff's Partial Motion for Summary Judgment (#31) regarding the standard of review that applies to Plaintiff's claim for review of a denial of disability benefits as governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*

The parties have stipulated to a *de novo* standard of review of the denial of disability benefits under ERISA. The Supreme Court has held a denial of benefits challenged pursuant to ERISA is reviewed under a *de novo* standard unless the plan unambiguously gives an administrator or fiduciary discretion to determine eligibility for benefits or to construe policy terms. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 108-09 (1989). If the administrator is given such discretion in the plan, the standard of review for denial of benefits is more deferential and reversed only for abuse of discretion. *Id*.

ERISA allows a plan administrator to delegate fiduciary responsibilities such as the determination of eligibility only if

expressly provided for in the plan.  29 U.S.C. § 1105(c)(1).
*See also Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1283-84 (9th Cir. 1990).  During the time at issue here, Plaintiff was a member of the Sussman Shank LLP Long Term Disability Plan.  The Plan granted Defendant Regence Health and Life Insurance Company the discretion, as the Plan administrator, to determine eligibility for benefits.  The Plan, however, did not expressly grant such discretion to Regence's designated policy administrator, Disability Reinsurance Management Services, Inc. (Disability RMS).  The Court, therefore, finds Disability RMS's denial of Plaintiff's claim for disability is reviewed under the *de novo* standard.

## CONCLUSION

For these reasons, the Court agrees with the parties that the applicable standard in this matter is *de novo* and, therefore, Plaintiff's Partial Motion for Summary Judgment (#31) is **MOOT**.

IT IS SO ORDERED.

DATED this 10th day of October, 2007.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge