IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


STUART I. TEICHER,                          06-CV-1821-BR

       Plaintiff,                       OPINION AND ORDER

v.

REGENCE HEALTH AND LIFE
INSURANCE COMPANY and THE
SUSSMAN SHANK LLP LONG TERM
DISABILITY PLAN,

       Defendants.


**MEGAN E. GLOR**
Megan E. Glor, Attorneys at Law PC
621 S.W. Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

**RICHARD A. KASSON**
Law Office of Richard Kasson
4905 S.W. Griffith Drive, Suite 105
Beaverton, OR 97005
(503) 670-0440

      Attorneys for Plaintiff


1  -  OPINION AND ORDER

**ERIC A. LINDENAUER**
**JOY ELLIS**
Garvey Schubert Barer
121 S.W. Morrison Street, 11th Floor
Portland, OR 97204
(503) 228-3939

      Attorneys for Defendants


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (#111).

     For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (#111) in the amount of **$175,401.67** and **AWARDS** costs to Plaintiff in the amount of **$398.60.**


<u>BACKGROUND</u>

     Plaintiff Stuart I. Teicher, a partner in the law firm of Sussman Shank, LLP, suffered a traumatic brain injury when he fell from a ladder on September 5, 2004. After the injury, Plaintiff began to experience increasing imbalance, fatigue, headaches, and cranial pressure.

     On approximately September 30, 2005, Plaintiff took medical leave of an indeterminate duration. On October 31, 2005, Plaintiff submitted a claim for benefits under the Sussman Shank LLP Long Term Disability Plan (LTD Policy). Disability Reinsurance Management Services, Inc. (DRMS), the designated plan administrator for Regence Health and Life Insurance Company,

2  -  OPINION AND ORDER

denied Plaintiff's claim for disability benefits.  Two subsequent
reviews of Plaintiff's claim also were denied on June 8, 2006,
and on October 26, 2006,

On December 21, 2006, Plaintiff brought this action against
Defendants pursuant to 29 U.S.C. § 1132(a) of the Employee
Retirement Income Security Act of 1974 (ERISA) to recover
benefits under the LTD Policy.

Defendant provided Plaintiff with a copy of the
administrative record in this matter before Plaintiff filed his
Complaint.  On February 9, 2007, Plaintiff served Defendants with
a Request for Production of Documents that included 37 separate
requests tailored to determine the identity of the plan
administrator for Regence.

After Plaintiff determined DRMS was the administrator for
Defendant, Plaintiff filed a Motion for Partial Summary Judgment
on July 31, 2007, in which he asserted the plan language did not
confer discretionary authority on DRMS, and, therefore, a *de novo*
standard of review applied under 29 U.S.C. § 1132.  In its
Response, Defendant agreed with Plaintiff's position and offered
to stipulate to a *de novo* standard of review.  On October 11,
2007, the Court issued an Opinion and Order in which it concluded
the appropriate standard of review in this matter is *de novo* and
denied Plaintiff's Motion for Partial Summary Judgment as moot in
light of Defendant's stipulation and the Court's agreement as to
the applicable standard of review.

3   -  OPINION AND ORDER

On September 21, 2007, Defendants moved for summary judgment on the ground that Plaintiff was not entitled to benefits for total disability under the LTD Policy.  On October 31, 2007, Plaintiff filed a Motion for Summary Judgment on the ground that the record establishes he is totally disabled, and, therefore, he is entitled to benefits under the LTD Policy.

On May 20, 2008, the Court issued an Opinion and Order in which it concluded Plaintiff suffers from a cognitive impairment as a result of a closed head injury that he sustained while he was a participant in the Sussman Shank LLP Long Term Disability Plan.  The Court concluded Plaintiff suffers from Post-Concussive Syndrome (PCS) as a result of the injury, and the symptoms associated with PCS have impaired Plaintiff's cognitive functions to the point that he cannot continue to work as a partner at Sussman Shank.  The Court, therefore, held Plaintiff is totally disabled within the meaning of the LTD Policy and is entitled to benefits because he is unable to perform all of the material and substantial duties of his occupation.  Accordingly, the Court granted Plaintiff's Motion and denied Defendant's Motion.

On June 16, 2008, the Court entered a Judgment in favor of Plaintiff.  On July 17, 2008, Plaintiff filed his Motion for Attorneys' Fees and Costs.

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

### Standards

Pursuant to 29 U.S.C. § 1132(g)(1), a court has discretion to grant an award of attorneys' fees to either party in an ERISA action.  "This section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Nelson v. EG & G Energy Measurements Group,* 37 F.3d 1384, 1392 (9th Cir. 1994)(internal quotation and citation omitted).

The Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees in ERISA cases.  *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993). The lodestar/multiplier analysis is made up of two parts.  The Court first calculates the lodestar amount by multiplying the number of hours that the court finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  The party seeking the award of fees also must submit evidence to support the number of hours worked and the rates claimed.  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  "A district court should exclude from the lodestar amount hours that are not reasonably expended because

5  -  OPINION AND ORDER

they are 'excessive, redundant, or otherwise unnecessary.'"  *Id.* (citation omitted).

To determine the lodestar, the Court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees.  *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

After determining the lodestar amount, the court assesses whether it is necessary to adjust the lodestar upward or downward based on factors that are "not already subsumed in the initial calculation of the lodestar."  *Morales*, 96 F.2d at 363-64.  The lodestar amount is presumed to be the reasonable fee, "and thus a multiplier may be used to adjust the lodestar amount upward or

downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Id.* (citations and internal quotations omitted).

In addition, the Court has an independent duty to review the Plaintiff's request for attorneys' fees for reasonableness. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

### Discussion

As the prevailing party, Plaintiff seeks a total of $166,400 for the work of his attorney, Richard Kasson.  In his Declaration, Kasson explains the request for $161,400 is based on 538 hours of legal services he provided.  The supporting documentation attached to his Declaration, however, shows 511.6 hours worked for a total of $153,480 in attorneys' fees.  The Court's analysis, therefore, relies on the data reflected in the supporting documentation and the beginning sum of $153,480 for Kasson's services.

Plaintiff also seeks attorneys' fees in the amount of $144,002.50 for the law firm of attorney Megan Glor, which includes hours for legal services performed by Glor; Robyn Stein, her asssociate; and Rick Tucker, her office manager.  In her Declaration, however, Glor requests and the supporting documentation reflects a total of $144,177.50 for her firm's

7   -   OPINION AND ORDER

services, which includes 561.05 hours totaling $140,262.50 for Glor, 17.45 hours totaling $3,490 for Stein, and 8.5 hours totaling $425 for Tucker.  Again, the Court relies on the data reflected in the supporting documentation.

Defendant does not challenge Plaintiff's status as the prevailing party in this action and anticipates the Court will grant some award of attorneys' fees to Plaintiff.  Defendant, however, asserts Plaintiff failed to confer under Local Rule (LR) 7.1, and, therefore, the Court should deny Plaintiff's Motion on that ground.  Defendant also objects to the amount of the attorneys' fees requested on the grounds that Plaintiff is not entitled to attorneys' fees for Kasson because (1) his participation in the case was unnecessary; (2) in the alternative, the hourly rate for attorney Kasson should be reduced from $300 per hour to $267 per hour; and (3) the number of hours expended by Plaintiff's attorneys on this matter is unreasonable.

## I.   Failure to Confer.

Defendant asserts the Court should deny Plaintiff's Motion for Attorneys' Fees because Plaintiff did not properly confer with Defendant before filing the Motion as required by LR 7.1.

In Plaintiff's Motion, counsel certified compliance with LR 7.1 by attempting to contact counsel for Defendant by telephone twice on July 17, 2008, the day Plaintiff filed his

8   -  OPINION AND ORDER

Motion, and leaving messages both times.  Defendant argues
Plaintiff's efforts were not sufficient under LR 7.1.  Waiting
until the day a filing is made to attempt to confer as to the
merits of a dispute is, in the Court's view, wholly insufficient
under LR 7.1.  Nonetheless, in the circumstances of this ERISA
action, the Court declines to deprive Plaintiff of his right to a
decision on the merits of this motion due to counsel's failures.
The Court expects counsel will comply with LR 7.1 in all respects
in the future.

## II.  Reasonableness of Hourly Rates.

To determine the reasonable hourly rate, this Court uses the
most recent Oregon State Bar Economic Survey published in 2007 as
its initial benchmark.  Attorneys may argue for higher rates
based on inflation, specialty, or any number of other factors.

### A.  Richard Kasson.

Attorney Kasson requests an hourly rate of $300, Defendant,
however, contends that rate should be reduced to $267 per hour to
be consistent with Kasson's skill and experience consistent with
the Oregon State Bar Survey.

Kasson has 20 years of experience litigating personal-injury
cases for plaintiffs.  Kasson has requested an hourly rate at the
75th percentile for personal-injury work.  Plaintiff asserts this
higher hourly rate is justified because of Kasson's level of
experience and notes Kasson has conducted more than 100 civil

trials.  Plaintiff also submitted the Declaration of attorney
Ralph Rayburn, who has known Kasson professionally for 18 years.
Rayburn states the requested $300 hourly rate is reasonable and
even low in light of "the success he has enjoyed throughout his
career."  The Court notes, however, Kasson was performing work
here on an ERISA matter, an area not within his particular
expertise.

As noted, Oregon attorneys with 20 years of experience in
private practice bill at an average hourly rate of $267 according
to the Oregon State Bar 2007 Economic Survey.  Under all of the
circumstances, the Court concludes there is not a reasonable
basis to adjust that initial benchmark for Kasson's services, and
therefore, the Court finds the reasonable rate for Kasson's
services is $267 per hour.

**B.  Law Firm of Megan Glor.**

Defendant does not oppose the hourly rate of $250 requested
by attorney Glor.  Glor was admitted to the New Jersey and
Pennsylvania State Bars in 1990 and to the Oregon State Bar in
1993.  She began representing claimants in benefits disputes in
1995.  At the time Plaintiff filed his Complaint, Glor had 16
years of experience.  Glor's requested hourly rate, therefore, is
consistent with the rate for an attorney with Glor's skill and
experience reflected in the Oregon State Bar 2007 Economic
Survey.  Under all of these circumstances, the Court agrees
Glor's requested hourly rate of $250 is reasonable.

10   -  OPINION AND ORDER

Defendant also does not object to the hourly rate of $200 requested by Glor on behalf of Stein, her associate.  Stein was admitted to the Vermont Bar in 1998 and the Oregon Bar 1999.  She began representing claimants in benefits disputes in 2001.  At the time Plaintiff filed his Complaint, Stein had eight years of experience.  Stein's requested hourly rate is consistent with the rate for an attorney with Stein's skill and experience as reflected in the Oregon Bar 2007 Economic Survey.  The Court, therefore, concludes Stein's requested hourly rate of $200 is reasonable.

Finally, the Court notes Defendant does not object to the hourly rate of $50 requested by Glor on behalf of Tucker, her office manager, and the Court agrees Tucker's requested hourly rate is reasonable.

## III. Reasonableness of Number of Hours Worked.

Defendant asserts the number of hours worked by Plaintiff's attorneys is unreasonable because the hours billed were excessive and duplicative.  Defendant also points out that the hours claimed by attorneys for work on ERISA matters are generally much less than the number claimed by Plaintiff:  Plaintiff has requested 511.6 hours for Kasson, 561.05 hours for Glor, 17.45 hours for Stein, and 8.5 hours for Tucker.

### A.    Discovery Matters.

Defendant objects to Plaintiff's request for an award of attorneys' fees for the time Kasson, Glor, and Tucker expended on

11   -  OPINION AND ORDER

discovery matters.  Defendant asserts the discovery was
unnecessary because a Court may only consider evidence outside of
the administrative record in this type of ERISA matter under
limited circumstances, which Plaintiff did not establish here.

"In an ERISA case, a district court reviewing a plan
administrator's decision to deny benefits may consider evidence
outside the administrative record 'only when circumstances
clearly establish that additional evidence is necessary to
conduct an adequate *de novo* review of the benefit decision.'"
*Van Gerwen v. Guar. Mut. Life Ins. Co.*, 214 F.3d 1041, 1047-48
(9th Cir. 2000)(citing *Mongeluzo v. Baxter Travelnol Long Term
Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995)).

Here the matter was decided on the administrative record
that Plaintiff received before the case was filed.  The Court did
not consider any of the evidence disclosed in discovery nor has
Plaintiff established that evidence outside of the record was
necessary for the Court to conduct an adequate *de novo* review.
Moreover, Plaintiff also acknowledged in his Motion for
Attorneys' Fees and in his Reply that the administrative record
*on its own* clearly shows Defendant's bad faith in denying
Plaintiff's claim.

On this record, the Court concludes Plaintiff's request for
discovery in addition to the administrative record was generally
unnecessary and, therefore, it would be unreasonable to require

Defendant to pay for the majority attorney time involved in that effort.  On the other hand, the Court cannot conclude it would have been unreasonable for Plaintiff to undertake some minimal discovery inquiry to verify the basic facts.  Accordingly, the Court reduces the attorneys' hours requested by Plaintiff by 80% as follows:

>    **1.    Kasson.**

Kasson billed 121.1 hours for work on discovery matters.  Accordingly, the Court reduces Kasson's hours by 80% or 96.88.         **2.    Glor.**

Glor billed 15.8 hours for work on discovery matters. Accordingly, the Court reduces Glor's hours by 80% or 12.64.

>    **3.    Tucker.**

Glor also billed 8.5 hours for the services of Tucker on discovery matters.  Accordingly, the Court reduces Tucker's hours by 80% or 6.8.

> **B.    Motion for Partial Summary Judgment as to Standard of Review.**

Defendant also objects to Plaintiff's request for an award of attorneys' fees for time expended by Kasson and Glor on Plaintiff's Motion for Partial Summary Judgment to determine the appropriate standard of review for this matter.  Defendant argues that the Court could determine the nature of the relationship between Regence and DRMS and thus the standard of review based solely on the administrative record.  Defendant also points out

13   -  OPINION AND ORDER

it offered to stipulate to the higher *de novo* standard before
Plaintiff filed this Motion.    Finally Defendant notes the Court
denied as moot Plaintiff's Motion for Partial Summary Judgment
after Defendant offered to stipulate to a *de novo* standard of
review.

Plaintiff contends the requisite knowledge regarding the
relationship between Regence and DRMS was not part of the
administrative record and Defendant failed to respond to
discovery requests regarding it.    Plaintiff asserts it was
therefore necessary to file a Motion for Partial Summary Judgment
to instigate an analysis and determination of the appropriate
standard of review.    More importantly, Plaintiff cites concerns
with creating a record in light of the Ninth Circuit's holding in
*Regula v. Delta Family Care Disability*.    266 F.3d 1130 (2001).
In *Regula*, the Ninth Circuit overturned the parties' stipulation
to the standard of review in an ERISA matter.    Defendant responds
that the holding in *Regula* is distinguishable because the parties
in *Regula* stipulated to a less-protective, deferential standard
of review whereas here Defendants offered to stipulate to the
highest standard of *de novo* review.

The Court commends Defendant's effort to manage costs by
stipulating to the standard of review.    Nonetheless, the Court
also respects Plaintiff's concerns about the enforceability of
such a stipulation in light of *Regula* and concludes it was not

14    -    OPINION AND ORDER

unreasonable for Plaintiff to incur these fees in the careful development of the record.  The Court concludes, therefore, that a reduction in hours is not warranted on the basis that filing a Motion for Partial Summary Judgment was unnecessary.

### C.    Clerical Tasks.

Defendant objects to Plaintiff's request for an award of attorneys' fees for tasks of a clerical nature performed by Kasson and Glor.  Plaintiff asserts all of these tasks required legal analysis and the exercise of independent judgment by an attorney.

Clerical tasks should typically be performed by clerical staff rather than an attorney.  *See Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal [or attorney's] rate, regardless of who performs them . . . .  [The] dollar value [of such nonlegal work] is not enhanced just because a lawyer does it.").

#### 1. Kasson.

Defendant objects to Plaintiff's request for an award of attorneys' fees for 44.1 hours that Defendant characterizes as clerical work performed by Kasson consisting of entries of 3.3 hours on May 17, 4.1 hours on May 22, and 2.8 hours on May 29, 2007; 3.1 hours on June 4, 3.1 hours on June 7, 6.3 hours on June 8, and 3.4 hours on June 11, 2007; 6.2 hours on August 14, and 3.7 hours on August 17, 2007; 2.6 and 1.9 hours on October 9, 2007; and 3.6 hours on February 11, 2008.

15   -  OPINION AND ORDER

Of the 44.1 hours that Defendant categorizes as clerical work, the Court finds entries for 3.3 hours on May 17, 4.1 hours on May 22, 2.8 hours on May 29, 2007, and 3.7 hours on August 17, 2007, are for the performance of tasks such as analyzing documents obtained in discovery and finalizing exhibit preparation for a settlement conference, and, therefore, are not clerical tasks.

The entries for 6.3 hours on June 8, 2007; 6.2 hours on August 14, 2007; 2.6 and 1.9 hours on October 9, 2007; and 3.6 hours on February 11, 2008, reflect the performance of tasks such as checking citations, organizing and comparing documents, and creating notebooks.  These are clerical tasks, and, therefore, Defendant should not be charged for these costs.  The Court also notes the entries for 3.1 hours on June 4, 3.1 hours on June 7, and 3.4 hours on June 11, 2007, are related to discovery matters and already have been reduced 80%.  Accordingly, the Court reduces Kasson's hours the remaining 20% because even if reasonable, these were "clerical," not "discovery" tasks.  This results in a reduction in Kasson's hours as follows:  a total of 20.6 hours for the entries for 6.3 hours on June 8, 2007; 6.2 hours on August 14, 2007; 2.6 and 1.9 hours on October 9, 2007; and 3.6 hours on February 11, 2008, and 20% of the entries for 3.1 hours on June 4, 3.1 hours on June 7, and 3.4 hours on June 11, 2007, for a total of 22.52 hours.

**2.   Glor.**

Defendant objects to Plaintiff's request for an award
of attorneys' fees for 30.8 hours that Defendant characterizes as
clerical work performed by Glor consisting of entries for 8.4
hours on August 23 and 2.5 hours on August 24, 2007; 3.9 hours on
September 11, 2007; and 16 hours on October 10, 2007, for a total
of 30.8 hours on the ground that those hours were spent on
clerical tasks.

Of the 30.8 hours that Defendant categorizes as
clerical work, 7.5 hours of the August 23, 2007, entry; 1.75
hours of the August 24, 2007, entry; and 2.5 hours of the
October 10, 2007, entry, or a total of 11.75 hours, are for the
performance of tasks such as organizing documents and inserting
citations.  These are clerical tasks, and, accordingly, Defendant
should not be charged for these costs.

The Court, therefore, reduces Glor's hours by 11.75.

**D.   Block Billing.**

Defendant objects to Plaintiff's request for an award of
attorneys' fees for time allegedly "block-billed" by Kasson and
Glor.

To determine the reasonableness of the time spent on a
particular task, the District of Oregon has recommended counsel
refrain from "block billing" in which all or a substantial part
of an attorney's time devoted to work on a matter in one day is
billed as a "block" without segregating time for individual

17  -  OPINION AND ORDER

tasks.[1]  It is, for all practical purposes, impossible for a
court to determine the reasonableness of time spent on a
particular task when the time is incorporated into a block-
billing entry.  Because the party seeking attorneys' fees has the
burden of proving the reasonableness of the time spent on a
particular task, the Court in its discretion may deny attorneys'
fees when the Court is unable to segregate the time spent on
tasks that are part of a block-billing entry.

    **1.   Kasson.**

    Defendant asserts the following tasks were block-billed
by Kasson:

> (1)  3.9 hours on May 10, 2007, to
> "[p]repare for telephone conference with the
> court; list and cross-reference all discovery
> issues with attempts to obtain defendant's
> compliance";
> (2)  3.3 hours on May 17, 2007, to
> "[r]eview, analyze and organize documents
> produced by defendant which are not part of
> the administrative record";
> (3)  4.1 hours on May 22, 2007, to
> "[r]eview, analyze and organize documents
> produced by defendant which are not part of
> the administrative record";
> (4)  6.3 hours on June 8, 2007, to
> "[r]eview and organize all medical records;
> prepare detailed and integrated medical
> records summary";
> (5)  6.3 hours on September 25, 2007, to
> "[r]eview and revise response brief to
> defendant's motion for Summary Judgment;
> consider defendant's arguments in conjunction
> with the medical record to anticipate

---

[1] This Court's instructions regarding petitions
for attorneys' fees are set forth on its website at
http://ord.uscourts.gov.

18  -  OPINION AND ORDER

defendant's arguments for reply brief"; and
    (6) 3.5 hours on October 10, 2007, to
"[c]onference with client and Glor re:
further revisions of brief; continue
conference with client."

The entries for 3.9 hours on May 10, 3.3 hours on May 17, and 4.1 hours on May 22, 2007, describe work performed by Kasson on discovery matters, and the 6.3 hours on September 25, 2007, and 3.5 hours on October 10, 2007, describe work performed by Kasson on Plaintiff's Motion for Summary Judgment filed on October 12, 2007. These entries should not, therefore, be disallowed. The June 8, 2007, entry has already been disallowed as a clerical task. As noted, however, the Court has an independent duty to review the Plaintiff's request for attorneys' fees for reasonableness. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

After a careful review of the documentation in support of Plaintiff's request, the Court finds the following entries as to Kasson are insufficiently descriptive to allow a determination as to reasonableness, and, therefore, the Court disallows a total of 9.9 hours, composed of entries for 3.3 hours on June 29, 2007; 0.3 hour on July 2, 0.5 hours on July 11, 0.6 hours on July 18, and 0.8 hours on July 27, 2007; 2.2 hours on August 22, 2007; 0.3 hours on October 9, 2007; 1.1 hours and 0.6 hours on October 10, and 0.2 hours on October 11, 2007.

The Court, therefore, reduces Kasson's hours by 9.9.

**2.   Glor.**

Defendant asserts the following tasks were block-billed by Glor:

> (1)  4.0 hours on October 6, 2007, for "[a]dditional legal research re: ambiguity in contract; drafting of memorandum in response; preparation of Concise Statement of Material Facts; preparation of motion";
> (2)  15.5 hours on October 11, 2007, to "[p]repare memorandum in support of plaintiff's MSJ; revise Kasson declaration; review motion to admit rebuttal evidence; prepare Glor declaration; revise Concise Statement of Material Facts, response to Defendants' Concise Statement, appendices";
> (3)  4.5 hours on October 31, 2007, for "[t]elephone and email communications with Kasson's office re; correction to Kasson declaration and motion; oversee filing of amended pleadings";
> (4)  3.2 hours on January 10, 2008 for "[o]ral argument preparation at Richard Kasson's office; follow up email communication with Stuart Teicher";
> (5)  3.7 hours on March 7, 2008, to "[r]eview of each treating medical expert's report, excerpt text for inclusion in appendix to Duties Memo; email communications with Stuart Teicher re: same"; and
> (6)  4.3 hours on March 11, 2008, to "[r]evise/edit Duties Memo and follow-up email communications with Stuart Teicher re same."

The Court concludes none of the above entries constitute block-billing because the Court can discern the itemized tasks are related to the drafting and preparation of Plaintiff's Motion for Summary Judgment filed on October 12, 2007.  As noted, however, the Court has an independent duty to review the Plaintiff's request for attorneys' fees for reasonableness.  *See*

20   -  OPINION AND ORDER

*Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

After a careful review of the documentation in support of Plaintiff's request, the Court finds the following entries as to Glor are insufficiently descriptive to allow a determination as to reasonableness, and, therefore, the Court disallows the entries for 0.75 hours on January 25, 2007; 2 hours on May 21, 2007; 1.8 hours on June 19, 0.5 hours on June 27, 0.5 hours on June 28, and 1 hour on June 29, 2007; 1 hour on July 11, 0.7 hours on July 12, and 0.7 hours on July 30, 2007; 0.6 hours on August 16, 2007; 3.2 hours on January 10, 2008; and 3.7 hours on March 7, 2008.

The Court, therefore, reduces Glor's hours by 13.01 (16.45 less 80% of the hours for the May 21, June 19, and June 27 entries, which reflects the deduction aleady taken for discovery matters).

**E.    Counsel's Conferences with Plaintiff.**

Defendant objects to Plaintiff's request for an award of attorneys' fees for the time Plaintiff's counsel spent conferring with Plaintiff.  Defendant contends Plaintiff's PCS would have prevented him from meaningfully participating in lengthy conferences such as those that were listed as regularly occurring between Plaintiff and his counsel because, as the Court found, Plaintiff's PCS limits his ability to concentrate for long periods and to track complex matters.  Plaintiff counters by

pointing out that his PCS means conversations between Plaintiff and his counsel take longer than would otherwise be required because Plaintiff takes longer to process information adequately.

On this record, the Court finds the lengthy conferences between Plaintiff and his counsel were reasonably necessary in light of Plaintiff's disability.  The Court concludes, therefore, that a reduction in hours is not warranted on the basis of the number of conferences and the length of time spent participating in them.

**F.    Plaintiff's Use of a Second Attorney.**

Defendant asserts Plaintiff seeks an award of attorneys' fees for duplicative tasks as a result of retaining a second attorney.  Defendant asserts Kasson and Glor improperly billed for performing substantially the same functions such as conferencing, sending emails, preparing the protective order, preparing for and attending the Rule 16 Conference, drafting Plaintiff's Motion for Partial Summary Judgment and the associated pleadings with it, preparing for the settlement conference, preparing the "matrix" that was requested by the Court, drafting Plaintiff's Motion for Summary Judgment and the associated pleadings with it, preparing the additional briefing requested by the Court at oral argument on the meaning of the term "all," and drafting a legal memorandum regarding Plaintiff's occupational duties.  Defendant contends all of Kasson's billed hours should be disallowed because Glor could have litigated this

22   - OPINION AND ORDER

matter on her own.  Defendant also argues Kasson did not bring any particular expertise or skill in ERISA litigation to this matter, and, as a result, it took Kasson additional time to become familiar with the topic.

Plaintiff, in turn, contends each attorney took primary responsibility for particular projects, and they collaborated by reviewing and revising each other's work.  For example, Kasson prepared the settlement proposal and the mediation statement and passed it on to Glor to review and to revise.  Both attorneys then attended the conference.  In addition, Plaintiff asserts both attorneys substantially participated in the preparation of and argument regarding the Motion for Summary Judgment.  Kasson reviewed the evidentiary record and prepared a comprehensive fact summary while Glor prepared the initial drafts of Plaintiff's Memorandum in Support, Plaintiff's Opposition Memorandum, and the Concise Statement of Material Facts.  Finally, Kasson took the lead on the case while Glor was out of the country from March 10, 2007, to May 11, 2007.  Plaintiff also asserts Kasson's substantial participation in the case was reasonably necessary because he was familiar with the impact of Plaintiff's PCS on his ability to communicate effectively, Plaintiff's medical history, and the events of the internal appeals process.

On this record, the Court concludes it was not unreasonable under the circumstances to hire Kasson as a second attorney to assist in the matter.  Even though the Court recognizes teamwork

23  -  OPINION AND ORDER

is appropriate and often necessary in litigation, the Court nonetheless concludes some of the time expended in this matter is necessarily duplicative and, in any event, the total attorney time substantially exceeds the time required in a typical ERISA case, particularly in light of the fact that it was decided on a *de novo* review of the record. *See,* e.g., *Day v. SBC Disability Income Plan*, No. 06-1740, 2008 WL 2783482, at *3 (July 17, 2008) (court awarded fees for 239.9 hours in an ERISA matter decided on cross-motions for summary judgment). Accordingly, some reduction in the amount of hours is warranted to offset duplicative efforts and to bring the attorneys' fees in this matter generally in line with the number of hours for similar types of action. The Court, therefore, reduces the total hours overall by 25%.

In summary, the Court finds Plaintiff is entitled to an award of attorneys' fees of $76,555.58 (382.3 hours at the rate of $267 per hour reduced by 25%) for Kasson, $89,090.63 (475.15 hours at the rate of $250 per hour reduced by 25%) for Glor; $2,287.50 (15.25 hours at the rate of $200 per hour reduced by 25%) for Stein; and $63.75 for Tucker (1.70 hours at the rate of $50 per hour reduced by 25%) or a total of $167,997.45 for the time spent by Plaintiff's counsel in all stages of this case except for the work preparing Plaintiff's request for attorneys' fees.

**IV.  Counsel's Preparation of Plaintiff's Motion for Attorneys' Fees.**

Defendant objects to Plaintiff's request for an award of attorneys' fees for 50.7 hours (48.5 hours at $250 per hour for Glor and 2.2 hours at $200 per hour for Stein) or a total of $12,565 for counsel's work preparing Plaintiff's Motion for Attorneys' Fees.

Fees for preparing a request for attorneys' fees are calculated "by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award." *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895 (9th Cir. 1995)(citing *Harris v. McCarthy*, 790 F.2d 753 (9th Cir. 1986)).

Here Plaintiff requested a total of $285,092.50 in attorneys' fees (excluding the $12,565 requested for preparing the Motion for Attorneys' Fees) for work on this matter, and, after reductions and disallowances, the Court has awarded $167,997.45 or 58.93% of the requested amount.[2]  Accordingly, the Court awards Plaintiff 58.93% of his requested attorneys' fees or $7,404.22 in attorneys' fees for preparation of Plaintiff's Motion for Attorneys' Fees.

## PLAINTIFF'S MOTION FOR COSTS

### Standards

Costs generally are awarded to the prevailing party in a

---

[2] The Court attaches as Exhibit 1 a spreadsheet summarizing this data.

civil action as a matter of course unless the Court directs
otherwise.  Fed. R. Civ. P. 54(d).  The Court must limit an award
of costs to those defined in 28 U.S.C. § 1920.  *Haagen-Dazs Co.,*
*Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587,
588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons,*
*Inc.*, 482 U.S. 437, 441-42 (1987)).  Section 1920 provides:

> A judge or clerk of any court of the United
> States may tax as costs the  following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any
> part of the stenographic transcript necessarily
> obtained for use in the case;
> (3)Fees and disbursements for printing and
> witnesses;
> (4)Fees for exemplification and copies of papers
> necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts,
> compensation of interpreters, and salaries,
> fees, expenses, and costs of special
> interpretation services under § 1828 of this
> title.

### Discussion

Plaintiff seeks costs in the amount of $3,247.13 for items
such as copying costs, filing fees, postage and delivery costs,
and the cost of demonstrative exhibits.

**I.    Allowable Costs Under 28 U.S.C. § 1920.**

Defendant contends certain items included in Plaintiff's
cost bill are not recoverable under 28 U.S.C. § 1920.

Plaintiff, in turn, contends the limitations of § 1920 do
not apply in ERISA litigation, and, in addition, costs may be
recoverable as attorneys' fees pursuant to 29 U.S.C. § 1132(g) as

26    -  OPINION AND ORDER

long as they are the type of costs ordinarily billed to clients separately. Plaintiff relies on *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Redland Insurance Co.*, 460 F.3d 1253 (9th Cir. 2006), to support his position. Plaintiff's reliance on *Redland Insurance*, however, is misplaced. In that case, the Ninth Circuit pointed out that costs that may be recoverable as attorneys' fees "*do not* include costs that . . . have by tradition and statute been treated as a category of expenses distinct from attorneys' fees." *Id*. at 1258 (emphasis added). Costs of the type enumerated in § 1920 are treated as a category of expenses distinct from attorneys' fees. "[ERISA's] allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. section 1920." *Agredano v. Mut. of Omaha*, 75 F.3d 541, 544 (9th Cir. 1996).

In any event, Defendant contends Plaintiff's cost bill should be disallowed in its entirety for lack of documentation. Although Plaintiff submitted documentation with his Reply for the costs of postage and delivery service and the cost of demonstrative exhibits, the Court notes those costs are not properly chargeable under § 1920, and, therefore, the Court need not address the adequacy of Plaintiff's documentation as to them.

**II. Copying Costs.**

Defendants object to Plaintiff's request for $730.02 in copying costs on the grounds that Plaintiff has not established

27  -  OPINION AND ORDER

all of those costs were necessarily incurred under § 1920 and Plaintiff did not submit receipts or other documentation to verify those costs.

Section 1920 does not contemplate an award of costs incurred for in-house copying expenses. See *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995)("[T]he balance of defendants' request [for costs] is inappropriate as it represents costs associated with the in-house photocopying of defense counsel."). *See also Voight v. Subaru-Isuzu Automotive, Inc.*, 141 F.R.D. 99, 103 (N.D. Ill. 1992)("Photocopying charges attributable to discovery and the court's copies of pleading, motions and memoranda are 'reasonably necessary for use in the case' and can be awarded. However, extra copies of file papers and correspondence, and copies of cases are not necessary, but are for the convenience of the attorneys and are therefore not taxable."). In contrast, "charges for exhibits and documents submitted to the court in support of motions, as well as copies of pleadings, motions and memoranda provided to the court are . . . recoverable." *Grady v. Bunzl Packaging Supply Co.,* 161 F.R.D. 477, 479 (N.D. Ga. 1995).

Here Plaintiff requests a total of $730.02 in copying costs. Of those costs, the Court finds the only costs that are reasonably necessary under § 1920 are those Plaintiff incurred for the Court's copies of the Complaint, the Amended Complaint, the Answer, Plaintiff's Motion for Partial Summary Judgment,

28  -  OPINION AND ORDER

Plaintiff's Motion for Summary Judgment, and the Supplemental
Briefing requested by the Court for a total amount of $18.60.
Accordingly, the Court disallows $711.42, the remainder of the
copying costs.

**III.   Postage and Delivery Costs.**

Defendants object to Plaintiff's request for $162.79 for
costs of delivery services and postage.  Section 1920 does not
provide for an award of such costs.  *See Frederick*, 162 F.R.D. at
146 (delivery charges "are not mentioned in section 1920 and are
routinely excluded as taxable costs.").

Accordingly, the Court declines to award Plaintiff $162.79
for delivery services and postage.

**IV.   Demonstrative Exhibits.**

Defendants object to Plaintiff's request for $1,974.32 for
designing and creating large-scale demonstrative exhibits.  The
amount requested includes costs for color copies and $825 for
litigation consultation regarding the design of one of the
exhibits.

Section 1920 does not contain any provision for shifting
the cost of designing or creating demonstrative exhibits.
Accordingly, the Court declines to award Plaintiff $1,974.32 for
the cost of designing and creating demonstrative exhibits.

In summary, the Court reduces Plaintiff's request for costs
by $2,848.53 and awards to Plaintiff costs in the sum of $398.60.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (#111) in the amount of **$175,401.67** and **AWARDS** costs to Plaintiff in the amount of **$398.60**.

IT IS SO ORDERED.

DATED this 24th day of November, 2008.


/s/ Anna J. Brown
                            _____
                            ANNA J. BROWN
                            United States District Judge

30    -   OPINION AND ORDER