IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STUART I. TEICHER,                          06-CV-1821-BR

       Plaintiff,                      OPINION AND ORDER

v.

REGENCE HEALTH AND LIFE
INSURANCE COMPANY and
THE SUSSMAN SHANK LLP
LONG-TERM DISABILITY PLAN,

       Defendants.


**MEGAN E. GLOR**
Megan E. Glor, Attorneys at Law PC
621 S.W. Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

**RICHARD A. KASSON**
Law Office of Richard Kasson
4905 S.W. Griffith Drive, Suite 105
Beaverton, OR 97005
(503) 670-0440

      Attorneys for Plaintiff

**ERIC A. LINDENAUER**
**JOY ELLIS**
Garvey Schubert Barer
121 S.W. Morrison Street, 11th Floor
Portland, OR 97204
(503) 228-3939

      Attorneys for Defendants


**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Motion for Reconsideration (#133) and Plaintiff's Motion for Extension of Time to File Appeal  (#140) Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A).

      For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Reconsideration and, having reconsidered the merits of Plaintiff's arguments, the Court **AWARDS** Plaintiff **$4,631.33** in attorneys' fees in addition to the **$175,401.67** in attorneys' fees awarded to Plaintiff by the Court in its Opinion and Order issued November 25, 2008.  The Court adheres to its November 25, 2008, Opinion and Order in all other respects and **DENIES as moot** Plaintiff's Motion for Extension of Deadline to File Appeal.


## BACKGROUND

      On December 21, 2006, Plaintiff filed his Complaint pursuant to 29 U.S.C. § 1132(a) of the Employee Retirement Income Security Act of 1974 (ERISA) to recover benefits under the Sussman Shank LLP Long-Term Disability Plan.

2   -  OPINION AND ORDER

On May 20, 2008, the Court issued an Opinion and Order in which it held Plaintiff is totally disabled within the meaning of the Plan and, therefore, is entitled to benefits under the Plan. On June 16, 2008, the Court entered a Judgment in favor of Plaintiff.

On July 17, 2008, Plaintiff filed a Motion for Attorneys' Fees and Costs.

On November 25, 2008, the Court issued an Opinion and Order in which it granted Plaintiff's Motion for Attorneys' Fees in part and awarded Plaintiff attorneys' fees in the amount of **$175,401.67**.

On December 31, 2008, Plaintiff filed a Motion for Reconsideration of this Court's November 25, 2008, Opinion and Order.  On January 23, 2009, Plaintiff filed a Motion for Extension of Time to File Notice of Appeal of this Court's November 25, 2008, Opinion and Order.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff requests the Court to reconsider its November 25, 2008, Opinion and Order.  Defendants, however, argue Plaintiff's Motion for Reconsideration is untimely under Federal Rule of Civil Procedure 59(e).

**I.    Plaintiff's Motion for Reconsideration is not timely under Federal Rule of Civil Procedure 59(e).**

A motion to reconsider an attorney-fee order under Rule 59(e) must be made no later than ten days after the order is entered. *Straw v. Bowen*, 866 F.2d 1167, 1171 (9th Cir. 1989).

Plaintiff's Motion was filed on December 31, 2008, which is more than ten days after the Court entered its Opinion and Order on November 25, 2008, and, therefore, is untimely under Rule 29(e). "An untimely motion for reconsideration, [however,] is construed as a motion based on Fed. R. Civ. P. 60(b)." *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463 n.35 (9th Cir. 1992). *See also Straw*, 866 F.2d at 1172 (untimely Rule 59(e) motion construed as a Rule 60(b) motion). Under Rule 60(b), a motion for reconsideration of an opinion and order can be filed more than ten days after entry of an order as long as it is filed within a reasonable time and, in any event, no later than one year from the time the order was entered. Fed. R. Civ. P. 60(b). Plaintiff's Motion to Reconsider was filed less than two months after the Court entered its Opinion and Order on November 25, 2008.

Accordingly, even though Plaintiff's Motion is untimely under Rule 59(e), the Court construes Plaintiff's motion as governed by Rule 60(b).

**II.  Federal Rule of Civil Procedure 60(b).**

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

4    -  OPINION AND ORDER

> On motion and upon such terms as are just,
> the court may relieve a party or a party's
> legal representative from a final judgment,
> order, or proceeding for the following
> reasons:  (1) mistake, inadvertence,
> surprise, or excusable neglect. . . .

Whether to grant or to deny a motion under Rule 60(b) is within the district court's discretion.  *Community Dental Serv. v. Tani*, 282 F.3d 1164, 1167 n.7 (9th Cir. 2002).  "[T]he plaintiff must show that the district court committed a specific error."  *Straw*, 866 F.2d at 1172.  *See also Kingvision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F3d 347, 350 (9th Cir. 1999).

Plaintiff asserts the Court committed error in its rulings regarding time spent by Plaintiff's attorneys on (1) discovery matters, (2) tasks characterized as clerical, (3) tasks that were inadequately described, and (4) duplicative tasks.

**A.    Discovery matters.**

The Court allowed 20% of the hours Plaintiff requested for discovery tasks.  Plaintiff asserts the time spent on discovery was necessary and reasonable because it encompassed tasks such as determining the relationship between Defendant Regence Health and Life Insurance Company and its plan administrator, Disability Reinsurance Management Services, Inc. (DRMS); obtaining a complete and correct copy of the administrative record; researching DRMS's decision to engage consultants; and resolving protective orders.  Plaintiff makes substantially the same arguments here as he did in his Memorandum in Support of

5   -  OPINION AND ORDER

Plaintiff's Motion for Attorneys' Fees.

As the Court stated in its November 25, 2008, Opinion and Order, the Court may consider evidence outside of the administrative record when reviewing this type of ERISA matter only when "circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review." *Van Gerwen v. Guar. Mut. Life. Ins. Co.*, 214 F.3d 1041, 1047-48 (9th Cir. 2000)(quotation omitted).  Plaintiff, however, did not establish such circumstances here.  Accordingly, the Court concluded the extensive time spent by Plaintiff's counsel on discovery was not reasonable.  Regarding tasks unrelated to the administrative record, the Court acknowledged in its November 25, 2008, Opinion and Order that it was not unreasonable for Plaintiff to undertake some discovery in this matter and, therefore, allowed 20% of Plaintiff's requested hours.

On this record, the Court concludes Plaintiff's assertions are not sufficient to alter the Court's conclusion regarding the reasonableness of the hours expended on discovery matters, and, therefore, the Court adheres to its previous ruling as to those hours.

**B.  Clerical tasks.**

The Court disallowed 22.52 of Attorney Richard Kasson's hours and 11.75 of Attorney Megan Glor's hours as clerical tasks. Plaintiff asserts some of these tasks were not clerical in

nature.

Clerical tasks should typically be performed by clerical staff rather than an attorney. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal [or attorney's] rate, regardless of who performs them . . . . [The] dollar value [of such nonlegal work] is not enhanced just because a lawyer does it.").

### 1.  Richard Kasson.

Plaintiff requests the Court to reconsider its disallowance of 6.2 hours on August 14, 2007, and 3.6 hours on February 11, 2008.

After reviewing the record and upon a thorough reconsideration of its previous Opinion and Order, the Court concludes the August 14, 2007, entry for notebook preparation involves Kasson's selection and preparation of documents for that notebook.  Accordingly, the Court concludes the August 14, 2007, entry is a task that was appropriately performed by counsel, and, therefore, the 6.2 hours of work performed by Kasson is allowed.

The February 11, 2008, entry for 3.6 hours, however, is for checking text citations, which is clerical in nature. Accordingly, the Court adheres to its previous ruling and does not allow those 3.6 hours.

### 2.  Megan Glor.

Plaintiff requests the Court to reconsider its

disallowance of 7.5 and 1.75 hours on August 23, 2007.  These
entries are for time spent organizing documents, which is
clerical in nature.  Accordingly, the Court adheres to its
previous ruling and does not allow those 9.25 hours.

In summary, the Court modifies its previous ruling as to
Kasson's August 14, 2007, entry and allows an additional 6.2
hours in attorneys' fees for work performed by Kasson.  The
Court, however, adheres to its previous ruling regarding the
clerical tasks performed by Kasson set out in the February 11,
2008, entry and the clerical tasks performed by Glor set out in
the August 23, 2007, entry.

**C.    Inadequately described tasks.**

The Court disallowed 9.9 of Kasson's hours and 13.01 of
Glor's hours as inadequately described or "block-billed."
Plaintiff asserts these tasks were adequately described and the
time spent on these tasks was reasonable.

To determine the reasonableness of the time spent on a
particular task, the District of Oregon has recommended counsel
refrain from "block billing" in which all or a substantial part
of an attorney's time devoted to work on a matter in one day is
billed as a "block" without segregating time for individual
tasks.[1]  It is, for all practical purposes, impossible for a

---

[1] This Court's instructions regarding petitions
for attorneys' fees are set forth on its website at
http://ord.uscourts.gov.

court to determine the reasonableness of time spent on a particular task when the time is incorporated into a block-billing entry.  Because the party seeking attorneys' fees has the burden of proving the reasonableness of the time spent on a particular task, the Court, in the exercise of its discretion, may not allow those fees when it is unable to segregate the time spent on particular tasks.

### 1.    Richard Kasson.

Plaintiff requests the Court to reconsider its disallowance of a total of 9.1 hours as block-billed.  Those hours are composed of entries for 3.3 hours on June 29, 2007; 0.3 hours on July 2, 0.5 hours on July 11, and 0.6 hours on July 18, 2007; 2.2 hours on August 22, 2007; 0.3 hours on October 9, 2007; 1.1 hours and 0.6 hours on October 10, 2007; and 0.2 hours on October 11, 2007.

After reviewing the record in light of Plaintiff's arguments on reconsideration and upon a thorough reconsideration of its previous Opinion and Order, the Court now concludes these entries are, in fact, sufficiently detailed to permit recovery. Accordingly, the Court allows an additional 9.1 hours in attorneys' fees for work performed by Kasson.

### 2.    Megan Glor.

Plaintiff also requests the Court to reconsider its disallowance of a total of 11.8 hours as block-billed.  Those

hours are composed of entries for 2 hours on May 21, 2007; 1.8 hours on June 19, 0.5 hours on June 27, 0.5 hours on June 28, and 1 hour on June 29, 2007; 1 hour on July 11 and 0.7 hours on July 30, 2007; 0.6 hours on August 16, 2007; and 3.7 hours on March 7, 2008.

After reviewing the record in light of Plaintiff's arguments on reconsideration and upon a thorough reconsideration of its previous Opinion and Order, the Court concludes those entries are, in fact, sufficiently detailed to permit recovery. Accordingly, the Court now allows 8.36 hours in attorneys' fees for work performed by Glor (11.8 less 80% of the hours for the May 21, June 19, and June 27 entries, which reflects the fact that the Court originally allowed only 20% of those hours related to discovery matters because they had already been reduced by 80%).

**D.    Duplicative tasks.**

In its November 25, 2008, Opinion and Order, the Court reduced by 25% the hours for which Plaintiff's attorneys are entitled to fees to take into account duplication of effort. Plaintiff asserts the Court did not articulate specific reasons for doing so as required by *Moreno v. City of Sacramento.*  534 F.3d 1106, 1112 (9th Cir. 2008).

In *Moreno*, the Ninth Circuit stated:

> The district court has greater familiarity with the case than we do, but even the

10   -  OPINION AND ORDER

> district court cannot tell by a cursory
> examination which hours are unnecessarily
> duplicative.  Nevertheless, the district
> court can impose a small reduction, no
> greater than ten percent. . . based on its
> exercise of discretion and *without a more
> specific explanation*. . . .  We cannot
> sustain a [25% reduction] unless the district
> court *articulates its reasoning*. . . .

*Id*. (emphasis added).

As stated in its November 25, 2008, Opinion and Order, the Court found some reduction in the amount of hours was necessary to offset duplicative efforts because the number of hours, even with the reduction, substantially exceeded the time required in a typical ERISA case that is decided on a *de novo* review of the record.  In addition, the Court noted even though it was reasonable to hire a second attorney to assist with the matter, Plaintiff's second attorney, Kasson, did not have any particular experience with ERISA.  The Court concludes this explanation is sufficient to comply with *Moreno*.

On this record, therefore, the Court adheres to its previous ruling.

In summary, the Court grants Plaintiff's Motion for Reconsideration and finds Plaintiff is entitled to an additional award of attorneys' fees of $3,063.83 (15.3 hours at the rate of $267 per hour reduced by 25%) for work performed by Kasson and $1,567.50 (8.36 hours at the rate of $250 per hour reduced by

25%) for work performed by Glor or a total of $4,631.33.  The
Court otherwise adheres to its November 25, 2008, Opinion and
Order.

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL NOTICE

Plaintiff moves the Court to extend the time in which it can
file a Notice of Appeal of this Court's November 25, 2008,
Opinion and Order.  The parties do not dispute the timeliness of
Plaintiff's Motion for an Extension of Time.

Federal Rule of Appellate Procedure 4(a)(5)(A) provides:

> The district court may extend the time to
> file a Notice of Appeal if:  (i) a party so
> moves no later than 30 days after the time
> prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is
> filed before or during the 30 days after the
> time prescribe by this Rule 4(a) expires,
> that party show excusable neglect or good
> cause.

Plaintiff asserts his counsel concluded the deadline for
appeal would be 30 days after this Court resolves Plaintiff's
Motion for Reconsideration and, therefore, assumed the deadline
for filing his Notice of Appeal had not yet passed.  As noted,
Defendants contend Plaintiff's Motion for Reconsideration is
untimely, and, therefore, the deadline for filing a Notice of
Appeal expired 30 days after the Court entered its November 25,

2008, Opinion and Order.  Thus, Defendants assert Plaintiff must show "excusable neglect or good cause" before the Court can grant his Motion for an Extension of Time.  *Id.*

The Court has already determined Plaintiff timely filed his Motion for Reconsideration.  "A motion for reconsideration tolls the time in which a party must lodge an appeal if the filing of the motion is timely." *Mt. Graham Red Squirrel*, 954 F.2d at 1462.  Thus, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(a), Plaintiff has 30 days from the issuance of this Opinion and Order to file a Notice of Appeal.  Accordingly, the Court denies Plaintiff's Motion for Extension of Deadline to File Appeal as moot.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration (#133) and, having reconsidered the merits of Plaintiff's arguments, the Court **AWARDS** Plaintiff **$4,631.33** in attorneys' fees in addition to the **$175,401.67** in attorneys' fees awarded to Plaintiff by the Court in its Opinion and Order issued November 25, 2008.  The Court adheres to its November 25, 2008, Opinion and Order in all other respects and **DENIES as moot** Plaintiff's Motion for Extension of Deadline to File Appeal

(#140) Pursuant to Federal Rule of Appellate Procedure
4(a)(5)(A).

    IT IS SO ORDERED.

    DATED this 2nd day of March, 2009.


                      /s/ Anna J. Brown
                      _____
                      ANNA J. BROWN
                      United States District Judge


14   -  OPINION AND ORDER